IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff

vs.

MARK E. BREWSTER, M.D.

        Defendant

Case No. 1:17-CR-127

Hon. Paul L. Maloney
United States District Judge

_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

**1. Overview**

On July 28, 2017, the defendant entered a plea of guilty to Acquiring or Obtaining Possession of a Controlled Substance by Misrepresentation, Fraud, Deception, or Subterfuge, in violation of 21 U.S.C. 843(a)(3) and (d)(1).

The felony information charges that on August 5, 2015, the defendant acquired Ritalin by misrepresentation, fraud, or deception. Specifically, the defendant, a medical doctor, wrote a prescription for Ritalin in the name of a third party. The third party was not a patient of Dr. Brewster, and the third party had no personal need for Ritalin. Rather, the Ritalin was for Dr. Brewster's personal use. The third party filled the prescription and delivered the Ritalin pills to Dr. Brewster.

The Pre-Sentence Officer computed the guidelines as follows:

| | |
|---|---|
| Base Offense Level | 8 |
| Use of a Special Skill | 2 |

| | |
|---|---|
| Subtotal | 10 |
| Acceptance of Responsibility | -2 |
| Total Offense Level | 8 |
| Criminal History Score | II |
| Advisory Guideline Range | 4-10 months |

The pre-sentence writer recommended a sentence at the bottom of the guidelines (4 months).

Sentencing is set for November 6, 2017.

The defendant is respectfully asking the Court to exercise its discretion and to impose as lenient a sentence as possible. The defendant is also respectfully asking this Court to consider a probationary sentence.

## 2. The 3553(a) Factors

As the Court knows, 18 U.S.C. 3553 instructs the Court to impose a sentence sufficient but not greater than necessary to consequence the defendant for his conduct. As to the specific 3553(a) factors, the defense respectfully suggests that those factors favor leniency towards this defendant. Specifically.

A. **Nature and Circumstances of the Offense.** Dr. Brewster wrote prescriptions in the names of third parties so that he could obtain medications for his own personal use. This practice continued over a number of years. Dr. Brewster believed that the medications would help him deal with the stress of his medical practice. Among other things, he believed that the medication would allow him to better concentrate.

Dr. Brewster's conduct was illegal because the prescriptions were written to individuals who were not his patients and who did not themselves use the medications. Dr. Brewster was

2

over-medicating himself and obtaining medicine over and beyond that which was legitimately prescribed to him.

Dr. Brewster's conduct did not involve patient care. Dr. Brewster was not writing the prescriptions so that other persons could receive controlled substances for their own use or so that those persons could distribute controlled substances to others..

B. **History and Characteristics of the Defendant.** The defendant is 41 years old. He is a physician. The defendant's only prior contact with the criminal justice system arose out of a conflict with his now ex-wife. He was convicted of domestic violence.

The letters written on the defendant's behalf describe his upbringing. He was diagnosed with ADHD when he was in the third grade and was treated with Ritalin. When he stopped using Ritalin, his school performance suffered. He performed well during his medical training and was Chief Resident as he finished up his internship. His specialty is gastroenterology.

The defendant is presently employed at Bear River Health as their Chief Medical Officer and Clinical Director. The facility is aware of his criminal problems. Because of those problems, he does not prescribe medications. The facility is very happy with his performance and is willing to continue to employ him despite his current difficulties.

The defendant was over-medicating, particularly with Ritalin. He rationalized it because he believed it allowed him to concentrate and be a better physician. He has now realized that his usage was out of control and that the ends did not justify the means. He is very remorseful.

The defendant is described as a good father to his children and a caring physician to his patients.

C. **Reflect Seriousness of the Offense.** The defendant has suffered a number of collateral consequences that have directly flowed from his personal misuse of medication. His

3

criminal conviction has also resulted in consequences to his professional service-provision eligibility and his career. The defense respectfully asks the Court to consider those collateral consequences during the Court's sentencing deliberations.

The defense respectfully submits that a lenient sentence would satisfy this sentencing goal.

D. **Promote Respect for the Law.** Given the collateral consequences and the penalties all professionals face–both civil and criminal–for violating 21 U.S.C. 843(a), the defense respectfully submits that a lenient sentence would promote respect for the law. For example, even a probationary sentence would send the message that prescribing medications without justification and for personal use has consequences. Given the service-provision eligibility and DEA-related consequences of a criminal conviction, the full panoply of punishments satisfies this sentencing goal.

E. **Provide Just Punishment** The defense submits that, in the totality of circumstances, a a lenient sentence would provide just punishment.

F. **Deterrence.** The defendant is personally deterred. He realizes the personal and professional costs that he has experienced as a result of his misuse of medication, and he realizes that he must act differently in the future.

The defense respectfully submits that general deterrence would also be served. Even a lenient punishment would send the message that the offense conduct will not be tolerated and that there will be consequences for any professional engaging in such conduct.

G. **Protect the Public** The defense respectfully submits that the public does not need protection from the defendant.

H. **Correctional Considerations.** The defense respectfully suggests that this is a neutral factor.

In sum, it is the defense's position that the 3553(a) factors support a lenient sentence and the defense is respectfully asking this Court to consider probation with whatever conditions the Court deems appropriate as a sentence which conforms with 3553(a).

Respectfully submitted,

Grand Rapids, MI
October 30, 2017

                                  /s/ David A. Dodge
David A. Dodge (P22906)
Dodge & Dodge, P.C.
The Trust Building, Suite 845
Grand Rapids, MI 49503
(616) 459-3850