# United States District Court
## Western District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| -vs- | Case Number: 1:17-cr-127-01 |
| MARK E. BREWSTER, M.D. | USM Number: 21720-040 |
| | David A. Dodge<br>Defendant's Attorney |

**Date of Imposition of Original Judgment: November 7, 2017**

**Reason for Amendment:**   [X]   Modification of Supervision Conditions (18 U.S.C. § 3583(e)), and
                            [X]   Modification of Restitution Order (18 U.S.C. §3664)

**THE DEFENDANT:**

☒ pleaded guilty to Count One of the Felony Information.

☐ pleaded nolo contendere to Count(s) ___, which was accepted by the court.

☐ was found guilty on Count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Offense Ended | Count No. |
|---|---|---|
| 21 U.S.C. § 843(a)(3) and (d)(1) | August 5, 2015 | One |

Nature of Offense

Acquiring or Obtaining Possession of a Controlled Substance by Misrepresentation, Fraud, Forgery, Deception, or Subterfuge

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

DATED: January 9, 2018          /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge

AO 245C (MIWD Rev. 12/16)- Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisk(*))

Judgment – Page 2
Defendant: MARK E. BREWSTER, M..D.
Case Number: 1:17-cr-127-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ten (10) months**.

☒ The Court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to a correctional facility close to Michigan.

☐ The defendant is remanded to the custody of the United States Marshal.
☐ The Defendant shall surrender to the United States Marshal for this district:
  ☐ At _____ on _____.
  ☐ As notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ Before 2:00 P.M. on _____.
  ☒ As notified by the United States Marshal.
  ☐ As notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this judgment.

                                          _____
                                          United States Marshal

                                          By: _____
                                               Deputy United States Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **one (1) year**.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.
   - ☐ The above drug testing condition is suspended, based on the Court's determination that you pose a low risk of future substance abuse. *(Check if applicable)*

4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable)*

5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) As directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(Check if applicable)*

6. ☐ You must participate in an approved program for domestic violence. *(Check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the Court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer.  If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances,  you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with the law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Defendant's Signature _____          Date _____

# SPECIAL CONDITIONS OF SUPERVISION

1. You must participate in a program of testing and treatment for substance abuse, as directed by the probation officer, and follow the rules and regulations of that program until such time as you are released from the program by the probation officer, and shall pay at least a portion of the cost according to your ability, as determined by the probation officer.

2. You must participate in an [inpatient/outpatient] alcohol abuse treatment program and follow the rules and regulations of that program.  The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).  You must pay the costs of the program if financially able.

3. You must not use or possess any controlled substances without a valid prescription.  If you do have a valid prescription, you must follow the instructions on the prescription.

4. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information.  The probation office will share financial information with the U.S. Attorney's Office.

5. If the judgment imposes a fine or restitution, you must pay the fine or restitution in accordance with the Schedule of Payments sheet of this judgment.  You must also notify the court of any changes in economic circumstances that might affect the ability fo pay this financial obligation.

6. You must apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to any outstanding court-ordered financial obligations.

7. It is ordered that you must make restitution to Blue Cross and Blue Shield of Michigan of $1,571.11, except that no further payment must be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injury.  You must not receive credit for restitution payments made by convicted codefendants until the outstanding balance due to the victim is less than your own restitution obligation.  Restitution payments must be made to the U.S. District Court Clerk, 110 Michigan, N.W., Grand Rapids, MI.  49503, for distribution to the following victim: Blue Cross and Blue Shield of Michigan/Corporate Recoveries, P.O. Box 313021, Detroit, Michigan, 48231-3021.

AO 245C (MIWD Rev. 12/16)- Judgment in a Criminal Case                (NOTE:  Identify Changes with Asterisk(*))

Judgment – Page 6
Defendant: MARK E. BREWSTER, M..D.
Case Number: 1:17-cr-127-01

## CRIMINAL MONETARY PENALTIES[1]

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the following pages.

| **Assessment** | **Fine** | **Restitution** |
|---|---|---|
| $100.00 | -0- | -0- |

☐  The determination of restitution is deferred until _____.  An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| | | | |

☐  Restitution amount ordered pursuant to plea agreement:

☐  The defendant must pay interest on restitution and/or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options in the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The Court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the fine.
  ☐ the interest requirement is waived for the restitution.
  ☐ the interest requirement for the fine is modified as follows:
  ☐ the interest requirement for the restitution is modified as follows:

---

[1]  Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (MIWD Rev. 12/16)- Judgment in a Criminal Case                    (NOTE:  Identify Changes with Asterisk(*))

Judgment – Page 7
Defendant: MARK E. BREWSTER, M..D.
Case Number: 1:17-cr-127-01

## ***SCHEDULE OF PAYMENTS***

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum payment of **$100.00** due immediately, balance due

   ☐ not later than _____, or

   ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F, below; or

B  ☐  Payment to begin immediately (may be combined with C, D, or F, below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment, or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan N.W., Grand Rapids, MI 49503, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate: Nicole Lee Aiello, 1:17cr184, and anyone else found responsible for this offense, for $1,193.26

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.